UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENIERE K. EVANS,

Plaintiff,

-against-

BOWERY RESIDENT'S COMMITTEE, INC.,

Defendant.

25-CV-5705 (PAC)

ORDER OF DISMISSAL
WITH LEAVE TO AMEND

PAUL A. CROTTY, United States District Judge:

Plaintiff, appearing *pro se*, brings this action against his former employer, the Bowery Resident's Committee, Inc. ("BRC"). He asserts Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983 and violations of Title VII of the Civil Rights Act of 1964. He also brings claims under New York state law. By order dated July 18, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 5.) The Court dismisses this action for the reasons set forth below, with 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

**BACKGROUND**

The following facts are drawn from the complaint.[1] On June 5, 2020, the BRC "filed a complaint with Detective Leggio,[2] claiming that the plaintiff forcibly touched, and sexually abused a resident," who resided at BRC Lex Safe Haven where Plaintiff worked. (ECF 1, at 8.) Plaintiff's "co-workers" informed another BRC facility where Plaintiff worked "of the allegations that were being held against the plaintiff." (*Id.*) On June 7, 2020, BRC "terminated [Plaintiff] from his job." (*Id.*)

Following his termination, "[P]laintiff was called [in to an] office, where the plaintiff resided, and questioned about the incident, by the plaintiff's caseworker . . . Ms. White, and her supervisor Ms. Washington." (*Id.*) Plaintiff informed White and Washington that "he did not do what they claim he did." (*Id.*) "[P]laintiff was sent back to his room with a warning." (*Id.*)

A few days later, White and Washington contacted Plaintiff's "Parole Officer, Ms. Victory, and continued with the allegations, but the plaintiff was not even arrested, or charged

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff variously refers to this defendant as "Leggio" and "Liggio." The Court does not alter the spelling.

with a crime[.]" (*Id.* at 8-9.) Victory "notified" White and Washington that "there was nothing she could do without it being a legal issue[.]" (*Id.* at 9.)

On July 6, White "called" Plaintiff into her office "to speak to a Detective Liggio about the incident," and Plaintiff agreed to "discuss the issue on [the] record" on July 8. (*Id.*) When the "conversation was over," someone informed him that "he could not leave the premises, until he went to see Ms. Leggio . . . [and] if he did, he would lose his room, and his parole officer would be contacted[.]" (*Id.*) Plaintiff contends that these directions "control[ed] . . . [his] movements." (*Id.*)

On July 8, when Plaintiff "went to see Detective liggio . . . he was arrested." (*Id.*) He "spent 12hrs in jail and released on his own recognizance." (*Id.*) "When the plaintiff got back to the facility where he resided, he was given back his room[;] a[] few hours later Ms. Washington came to the plaintiff's room, and told him that he was being transferred to another facility." (*Id.*) Washington indicated that "'it's coming from the higher ups.'" (*Id.*) At Plaintiff's new facility, Samaritan Daytop Village, in Brooklyn, New York, "he shared a 3 man room, as opposed to the one room suite he had." (*Id.*) Plaintiff states that "13 [m]onths later," he "beat the charges[] held against him." (*Id.*)

Plaintiff attaches to his complaint a certificate of disposition from the New York Criminal Court, indicating that criminal charges involving sexual abuse and forcible touching were dismissed under Criminal Procedure Law 170.30, on speedy trial grounds. (*See* ECF 1-1 at 23.)

## DISCUSSION

### A. Section 1983 Claims

A claim for relief under Section 1983 must allege facts showing that a defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor." (internal quotation marks and citation omitted)). Private individuals and other private entities generally are not considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . ." (internal quotation marks and citations omitted)).

Absent special circumstances suggesting concerted action between a private party and a state actor, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), a private party summoning the police, reporting a possible crime, seeking a restraining order, or even providing background information to the police does not make that private party a state actor for the purpose of Section 1983 liability. *See Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999) ("[The] provision of background information to a police officer does not by itself make [a private party] a joint participant in state action under Section 1983."); *Rodriguez v. Winski*, 973 F. Supp. 2d 411, 422 (S.D.N.Y. 2013) (Buchwald, D.J.) ("[S]ummoning police or requesting that police take action . . . simply does not suffice to constitute joint action

or to convert the private party into a state actor. Indeed, even if a private party provides false information to police, . . . such provision alone does not constitute joint action actionable under [Section] 1983." (citations and footnote omitted)), *appeal dismissed*, No. 13-4093 (2d Cir. Nov. 13, 2013) (effective Nov. 27, 2013); *Vazquez v. Combs*, No. 1:04-CV-4189 (GEL), 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004) (holding that a private party's "seeking a restraining order" does not convert the private party into a state actor).

Plaintiff's constitutional claims must be dismissed for failure to state a claim because BRC is a private entity that cannot be held liable under Section 1983. Plaintiff's allegation that BRC staff notified law enforcement of Plaintiff's alleged illegal conduct does not "convert [BRC] into a state actor." *Vazquez*, 2004 WL 2404224, at *4; *see Ginsburg*, 189 F.3d at 272; *Rodriguez*, 973 F. Supp. 2d at 422. The Court therefore dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Title VII Claims**

Plaintiff invokes Title VII of the Civil Rights Act of 1964, which prohibits discrimination based on race, color, religion, sex, and national origin. Title VII prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (per curiam), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36

(2d Cir. 2013) (summary order) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

To state a claim under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff's allegations contain no indication that he was discriminated against based on his race, color, religion, sex, national origin, or any other characteristic protected by one of the federal employment discrimination statutes. Plaintiff does not link any of the events that led to his termination to any protected characteristic. Because Plaintiff has not alleged facts suggesting that a protected characteristic was a motivating factor in any adverse employment decision, the Court dismisses Plaintiff's Title VII claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Claims Under State Law**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367

'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D. Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Title VII claim against the BRC, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims. Should Plaintiff file an amended complaint, he must state facts suggesting that BRC terminated him because of his protected characteristics.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to file an amended complaint.

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 20, 2026
New York, New York

PAUL A. CROTTY
United States District Judge